FILED
 2006 Nov-27  PM 02:47
 U.S. DISTRICT COURT
    N.D. OF ALABAMA

UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| TRIPLE J & L, INC., | ) |
| Plaintiff, | ) |
| vs. | ) CV 06-B-1087-W |
| APOSTOLIC ADVANCEMENT ASSOCIATION, | ) |
| Defendant. | ) |

## MEMORANDUM OPINION

This case is presently pending before the court on plaintiff's Motion to Remand. (Doc. 5.) Plaintiff contends that this case is due to be remanded to the Circuit Court of Sumter County, Alabama, based on the dismissal of defendant's bankruptcy petition. (*Id*. ¶ 2.) The court finds that plaintiff's Motion to Remand is due to be granted.

Defendant removed this case from the Sumter County Circuit Court, pursuant to 28 U.S.C. §§ 1334 and 1452, based on its filing of a bankruptcy case. (Doc. 1 at 2.) Subsequent to removal, the bankruptcy court dismissed defendant's bankruptcy case, with defendant's agreement. (Doc. 5-2.) "While post-removal events do not affect the Court's subject matter jurisdiction under 28 U.S.C. § 1334(b), the Court must consider whether the current status of the [bankruptcy] case mandates abstention," pursuant to § 1334(c)(2). *In re United Petroleum Group, Inc.*, 311 B.R. 307, 311 (Bkrtcy. S.D. Fla. 2004).

Abstention by the federal court in favor of the state court is mandated if the terms of § 1334(c)(2) are met. *Celotex Corp. v. Edwards*, 514 U.S. 300, 323 n.10 (1995)("In addition,

28 U.S.C. § 1334(c)(2) provides for mandatory abstention in cases involving state-law claims for which the sole basis of bankruptcy jurisdiction is 'related to' jurisdiction."). Section 1334(c)(2) provides:

> Upon timely motion of a party in a proceeding based upon a State law claim or State law cause of action, related to a case under title 11 but not arising under title 11 or arising in a case under title 11, with respect to which an action could not have been commenced in a court of the United States absent jurisdiction under this section, the district court shall abstain from hearing such proceeding if an action is commenced, and can be timely adjudicated, in a State forum of appropriate jurisdiction.

28 U.S.C. § 1334(c)(2).

The court notes that plaintiff's claims against defendant are not a core proceeding. *In re Robertson*, 140 F. Supp. 2d 1274, 1278-79 (M.D. Ala. 2001)("For a case to be considered a core proceeding, the case must not have been able to exist but for bankruptcy. In other words, core proceedings are those proceedings which would not exist in law in the absence of the Bankruptcy Code.")(citing, *inter alia*, *Gower v. Farmers Home Administration*, 899 F.2d 1136, 1140-41 (11th Cir. 1990); *Hatcher v. Lloyd's of London*, 204 B.R. 227, 231 (M.D. Ala. 1997); *Dean v. American General Finance Inc.*, 191 B.R. 463, 468 (M.D. Ala. 1996)). Also, the court finds that the case can be adjudicated in a timely manner in state court and the outcome of the case will have no effect on the administration of defendant's bankruptcy case because such case was dismissed. *See In re United Petroleum Group*, 311 B.R. at 311 ("The phrase 'timely adjudication' is not defined in the Bankruptcy Code. Courts addressing this element have not focused primarily on when the case would

be tried in state court compared to federal court, but rather on ***whether allowing the case to proceed in state court will have any unfavorable effect on the administration of the bankruptcy case***.")(emphasis added; citation omitted); *see also* 11 U.S.C. § 349(b).

For the foregoing reasons, the court is of the opinion that mandatory abstention, pursuant to § 1334(c)(2) is appropriate. Therefore, plaintiff's Motion to Remand is due to be granted and this case remanded to the Circuit Court of Sumter County, Alabama. An Order granting defendant's Motion for Summary Judgment will be entered contemporaneously with this Memorandum Opinion.

**DONE**, this the 27th day of November, 2006.

*/s/ Sharon Lovelace Blackburn*
SHARON LOVELACE BLACKBURN
CHIEF UNITED STATES DISTRICT JUDGE